IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARANDA THOMSON                                                                                       PLAINTIFF

v.                                            CIVIL NO. 21-cv-6135

KILOLO KIJAKAZI, Acting Commissioner                                                   DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Maranda Thompson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on March 13, 2019. (Tr. 19). In her applications, Plaintiff alleged disability beginning on January 1, 2014, due to neuropathy in both legs and feet, diabetes, high blood pressure, and kidney disease. (Tr. 19, 199). An administrative hearing was held via telephone on November 16, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 69–93). A vocational expert ("VE") also testified. *Id*.

On January 27, 2021, the ALJ issued an unfavorable decision. (Tr. 16–47). The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, obesity, lumbar spondylosis, chronic pain syndrome, asthma, hypertension, and borderline intellectual functioning. (Tr. 21–22). The ALJ also found Plaintiff had non-severe but medically determinable impairments of retinopathy, anemia, and kidney disease. *Id*. The ALJ found

1

Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404. (Tr. 22–25). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. §416.967(b) except the claimant can climb no ladders, ropes, or scaffolds; she can perform work where no more than occasional ramps and stairs, balancing, stooping, kneeling, crouching or crawling duties are required; she should have no concentrated exposure to fumes, odors, or gas exposure; she should do no work where lower extremity foot control operation duties are required; she should have no exposure to temperature extremes of heat or cold in the workplace; she is limited to simple, routine, and repetitive task jobs, where supervision would be simple, direct, and concrete; and she should be limited to work where the reasoning level would not to[sic] exceed two. (Tr. 25–28).

The ALJ found Plaintiff had no past relevant work but, with the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of cashier II and housekeeper. (Tr. 29). The ALJ found Plaintiff was not disabled from March 13, 2019, through the date of his decision. (Tr. 30). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ's opinion was based upon substantial evidence, further alleging the vast majority of evidence cited supported Plaintiff's claim; 2) whether the ALJ erred by failing to provide a function by function assessment of the claimant's abilities; 3) whether the ALJ erred in failing to further develop the record in the absence of an opinion from a treating physician; and 4) whether the ALJ erred by failing to provide analysis regarding a mental RFC evaluation Plaintiff underwent in 2015. (ECF No. 13). Defendant argues the ALJ's findings regarding Plaintiff's impairments and their impact on her ability to work were supported by substantial evidence. (ECF No. 14). Defendant argues that the ALJ properly considered the opinion evidence that related to the relevant time period, and that the opinions offered by non-examining state agency physicians were ample and appropriate opinion evidence. Defendant also argues the mental consultative examination was properly evaluated, and was accounted for by restricting Plaintiff to simple, routine, and repetitive task jobs where supervision was simple, direct and concrete as well as limited her to jobs with reasoning levels of two. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered all of Plaintiff's impairments and appropriately relied upon the opinion evidence from non-examining physicians and consultative examiners and provided appropriate limitations. (Tr. 25–28). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a

whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 3rd day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE